|115   35
|141   92|

STILWELL-BIERCE & SMITH-VAILE CO. v. NILES PAPER-
MILL CO.

AGENCY—SECRETARY OF CORPORATION—AUTHORITY TO PURCHASE
GOODS—NOTICE.
> The fact that goods ordered in the name of a corporation by
> its secretary are directed to be shipped to a third person is
> sufficient to put the seller on inquiry as to the officer's
> authority.

Error to Van Buren; Buck, J.   Submitted October 6,
1897.   Decided November 17, 1897.

*Assumpsit* by the Stilwell-Bierce & Smith-Vaile Com-
pany against the Niles Paper-Mill Company for goods
sold and delivered.   From a judgment for defendant,
plaintiff brings error.   Affirmed.

This is a suit brought to recover the price of certain mill
machinery, which plaintiff claims to have sold defendant
in the year 1893.   The defense is *non assumpsit*.   The
defendant is a corporation organized under the statutes of
this State.   Plaintiff is a corporation organized under the
laws of Ohio, and doing business in that State.   One E.
A. Jacks was a director and secretary of the defendant,
and had been for some time, and conducted its corres-
pondence.   The correspondence for the machinery was
carried on in the name of the defendant, and was written
upon its printed stationery.   The letter ordering the goods
stated, "We will take the bevel mortise gear, etc., men-
tioned in your favor."   The letter then closed thus:
"Ship the gear and pinion to the Allegan Paper Company,
Allegan, Michigan," and was signed: "Niles Paper-Mill
Company.   E. A. Jacks, Sec'y."   The property was
shipped as directed, and delivered to the Allegan Paper
Company, Allegan, Mich., which was also a corporation
organized under the laws of this State.   Jacks was inter-

ested in, and was a director of, that company. No other officer of the defendant had any knowledge of this transaction, and the defendant received no benefit from it. Jacks had no authority, expressed or implied, to order this machinery for another company. No entry of it was made upon the books of the defendant. It also appears that one Bither, who was a foreman of the defendant, and was also in the employ of the Allegan Paper Company, visited the plaintiff at Dayton, Ohio, and informed it that the Allegan Paper Company wanted a wheel, and selected the one mentioned in plaintiff's bill of particulars, and informed plaintiff's agent that such wheel would suit the Allegan Paper Company.

*Gore & Harvey*, for appellant.

*Edward Bacon*, for appellee.

GRANT, J. (*after stating the facts*). Under these facts, as found by the court, his conclusion of law that the defendant is not liable is correct. The machinery was ordered for another corporation, situated in another place than the residence of the defendant. The fact that the machinery was ordered for another corporation, and that plaintiff was so notified, was sufficient to put it upon inquiry, and it was its duty to ascertain whether Jacks was authorized by the defendant to make the purchase for another company. It was not within the general scope of Jacks' agency to order goods in the name of his principal for other parties.

Judgment affirmed.

The other Justices concurred.